# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

DERECK JEROME BROWN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 5:16-cv-35

(Case No.: 5:13-cr-6)

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Dereck Jerome Brown ("Brown"), who is currently incarcerated at the Federal Correctional Institute in Estill, South Carolina, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The United States of America filed a Response. (Doc. 6.) For the reasons set forth below, I **RECOMMEND** this Court **DENY** Brown's Motion, **DENY** Brown *in forma pauperis* status on appeal, and **DENY** Brown a Certificate of Appealability.

## **BACKGROUND**

Brown was convicted in this Court, after entry of a guilty plea, of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). J., United States v. Brown, 5:13-cr-6 (S.D. Ga. Mar. 21, 2014), ECF No. 69. The Honorable Lisa Godbey Wood sentenced Brown to 210 months' imprisonment. Id. In reaching her sentencing determination, Chief Judge Wood found that Brown qualified as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), based on these four prior convictions: two for the sale of cocaine and two for obstructing a law enforcement officer by violence. Sent. Hr'g Tr., United States v. Brown, 5:13-cr-6 (S.D. Ga. May 19, 2014), ECF No. 76, p. 50. Brown filed an appeal,

and the Eleventh Circuit Court of Appeals affirmed this Court's judgment and sentence on November 20, 2015. United States v. Brown, 805 F.3d 1325 (11th Cir. 2015).

## DISCUSSION

In his Motion filed on May 3, 2016, Brown contends that he was wrongly sentenced under the ACCA[1] due to the United States Supreme Court's recent decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). (Doc. 1, pp. 4–9.)

The Government asserts that the Johnson decision has no effect on Brown's enhanced sentence under the ACCA because his predicate convictions for serious drug offenses and a violent felony do not fall under the ACCA's residual clause.

### I.  Whether Brown is Entitled to Relief Pursuant to Johnson

Under the ACCA, any person who violates 18 U.S.C. § 922(g) and has on three or more occasions been convicted for a "serious drug offense" or "violent felony" will receive a mandatory minimum sentence of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). "Serious drug offense" means "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" 18 U.S.C. § 924(e)(2)(A)(ii). In Johnson, the Court explained that the ACCA:

> defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.'*

---

[1] Under the ACCA, a defendant who is convicted under 18 U.S.C. § 922(g) is subject to a 15-year mandatory-minimum prison sentence if he has three prior convictions for "serious drug offenses" or "violent felonies" committed on separate occasions. 18 U.S.C. § 924(e)(1); see also United States v. Samuel, 580 F. App'x 836, 841 (11th Cir. 2014). Without Section 924(e)'s enhancement, Brown would have been subject to a maximum term of ten years in prison. See Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1285 (11th Cir. 2013) (recognizing that "[s]ection 924(a)(2) states that the maximum sentence for a violation of § 922(g) is 10 years.").

> § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

\_\_\_ U.S. at \_\_\_, 135 S. Ct. at 2555–56. The Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process[.]" \_\_\_ U.S. at \_\_\_, 135 S. Ct. at 2563. However, the Court also emphasized that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id.

On direct appeal, Brown specifically raised the issue of whether his felony obstruction convictions qualified as predicate offenses under the ACCA. Brown, 805 F.3d at 1326. The Eleventh Circuit explicitly found that Brown's felony obstructions under Georgia law categorically qualified as violent felonies under the ACCA's elements clause. Id. at 1328. In this Section 2255 Motion, Brown again challenges the qualification of his two prior felony obstruction convictions as ACCA predicate offenses—this time arguing that the Supreme Court's decision in Johnson means that these prior convictions no longer qualify as violent felonies. (Doc. 1, pp. 4–9.) However, as the Eleventh Circuit made clear, Brown's obstruction convictions categorically qualified as violent felonies under the "elements clause" and not the residual clause of the ACCA.[2] Brown, 805 F.3d at 1327–1328. Therefore, Brown's violent felony obstruction convictions remain undisturbed by the Supreme Court's Johnson decision because Johnson "does not call into question application of the Act to . . . the remainder of the Act's definition of a violent felony." Johnson \_\_\_ U.S. at \_\_\_, 135 S. Ct. at 2563.

Brown has four qualifying predicate offenses under the ACCA—two for serious drug offenses and two for violent felonies under the elements clause. The residual clause had no

---

[2] The Georgia statute "forming the basis" of Brown's violent felony conviction categorically requires that a defendant "offer[] or do[] violence to the person of such officer." O.C.G.A. § 16-10-24(b). As the Eleventh Circuit found, this language directly parallels the language in the ACCA's elements-based definition of a "violent felony." Brown, 805 F.3d at 1327–1328.

3

bearing on his enhanced sentence under the ACCA and, thus, Johnson also has no effect on that sentence. Consequently, Brown is not entitled to his requested relief, and I **RECOMMEND** the Court **DENY** his Motion.

## II. Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Brown leave to appeal *in forma pauperis*. Though Brown has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may be issued only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell,

537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Brown's Motion, the Government's Response, and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Brown a Certificate of Appealability, Brown is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DENY** Brown's Motion, **DENY** Brown *in forma pauperis* status on appeal, and **DENY** Brown a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and

5

Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Brown and the United States Attorney for the Southern District of Georgia.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 17th day of November, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA