FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2016 DEC 19 P 3: 17

CLERK _____
SO. DIST. OF GA.

# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

DERECK JEROME BROWN,     *
    *
       Petitioner,     *     CIVIL ACTION NO.: 5:16-cv-35
    *
      v.     *
    *
UNITED STATES OF AMERICA,     *     (Case No.: 5:13-cr-6)
    *
       Respondent.     *

## O R D E R

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's November 17, 2016, Report and Recommendation, (dkt. no. 8), to which Dereck Jerome Brown ("Brown") filed Objections. (Dkt. Nos. 9, 10.)[1]

---

[1] Brown sets forth entirely new claims in his Objections. However, the Magistrate Judge specifically instructed Brown that the "filing of Objections is not a proper vehicle through which to make new allegations or present additional evidence." (Dkt. No. 8, p. 6.) This is an independent ground to overrule Brown's Objections. Williams v. McNeil, 557 F.3d 1287 (11th Cir. 2009); Driskell v. Price, 2:13-CV-01541-VEH-SG, 2015 WL 545382, at *8 (N.D. Ala. Feb. 10, 2015) ("The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence."). Even if the Court were to entertain Brown's newly-asserted claims, his arguments hold no merit. Brown argues that his two prior convictions for sale of cocaine do not qualify as "serious drug offenses" under the ACCA because the word "sale" is not used in the definition provided for "serious drug offenses" under 18 U.S.C. § 924(e)(2)(A). (Dkt. Nos. 9, 10.) However, Brown's sale of cocaine convictions are clearly captured by Section 924(e)(2)(A)(ii). The Georgia law under which Brown was convicted was certainly "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court and **OVERRULES** Brown's Objections.

The Court **DENIES** Brown's Motion to Vacate, Set Aside, or Correct his Sentence, brought pursuant to 28 U.S.C. § 2255, **DENIES** Brown a certificate of appealability, and **DENIES** Brown leave to proceed *in forma pauperis* on appeal. The Court **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this ____19____ day of ____December____, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

maximum term of imprisonment of ten years or more is prescribed by law[.]" 18 U.S.C. § 924(e)(2)(A)(ii); see O.C.G.A. § 16-13-30.

AO 72A
(Rev. 8/82)